**MAYALL HURLEY**
A Professional Corporation
2453 Grand Canal Boulevard, Second Floor
Stockton, California 95207-8253
Telephone (209) 477-3833
VLADIMIR F. KOZINA, ESQ.
CA State Bar No. 095422

ATTORNEY FOR PLAINTIFF

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VLADIMIR F. KOZINA**<br><br>Plaintiff,<br><br>v.<br><br>**PONIE JACKSON, AKA PONIE RYAN**<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR:**<br><br>1. **COPYRIGHT INFRINGEMENT**<br>2. **UNFAIR BUSINESS PRACTICES**<br>3. **CONVERSION**<br>4. **INJUNCTION**<br>5. **EXEMPLARY DAMAGES** |

Plaintiff Vladimir Kozina brings this action against Ponie Jackson, aka Ponie Ryan for statutory, compensatory and exemplary damages resulting from Defendants' infringement of registered copyrights owned by Plaintiff, and her unlawful and tortious conduct, as grounds therefore alleges:

### **PARTIES**

1. Plaintiff Vladimir F. Kozina is a resident of Stockton, San Joaquin County, California.
2. Defendant Ponie Jackson, aka Ponie Ryan is and at all times herein was a resident of Stockton County of San Joaquin, California.

Plaintiff's Complaint                                             1

## JURISDICTION

3. This action arises under 17 U.S.C. § 106 Exclusive Right of Copyrighted Works. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 2201, and 2202. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction) including state claims for unfair business practices and conversion.

## FACTS

4. Plaintiff is the owner of registered copyrights numbers VAU001378161, a graphic of a full frontal ram and VAU001381368 a visual graphic with a jumping ram in front of a letter block SM . VAU001381368 was created in 2014 and registered with the United States Copyright Office on August 12, 2019. VAU001378161 was created in 2007 and registered with the United States Copyright Office August 12, 2019.

5. No other person has a claim an interest in the copyright

6. Plaintiff is entitled to all the exclusive rights set forth in 17 U.S.C. § 106

7. Pursuant to 17 U.S.C. § 106 (e) Plaintiff has given a charitable donation of a license to utilize the copyrighted works set forth in Paragraph 1 only to Saint Mary's High School, Stockton, California and to no other person or entity of any nature or kind.

8. Plaintiff has never given permission, given, sold or lent the right to use the copyrighted graphics set forth in Paragraph 1 to Defendant.

9. Defendant is an individual who uses deceptive and fraudulent means and methods to gain entry into and about various venues, including high schools, athletic events and other youth sports primarily in the Stockton and San Joaquin County area through the use of fraudulent media passes; misrepresentations to unknowing individuals, false claims of being an authorized school photographer, use of "handles" in social media posts to give an impression to unsuspecting consumers that she is authorized to be a photographer for Max Preps using Jackson 2020 MP; when in fact she is not; refuses to abide by specific directives from school authorities to not be present at playing fields

Plaintiff's Complaint                     2

and athletic venues going so far as to have a third person pose as a student photographer to circumvent the prohibition; fails to obtain permission from minors parents or guardians to use photographs of minors for commercial purposes in violation of Civil Code § 3344, and has a history and reputation in the community of being deceitful and dishonest in personal and business matters.

10. Defendant has, in excess of 500 times, without authorization, privilege, permission gift or grant published photographs and posters utilizing the registered copyrights of Plaintiff for sale and profit. The true number is known to Defendant who has records of promotions and sales.

11. Plaintiff first became aware to the nature and scope of Defendant's unauthorized use of Plaintiff's copyrighted works in 2022.

12. Defendant has profited by the unauthorized use Plaintiff's registered copyrights and continues to do so despite a Cease and Desist letter sent to her by Plaintiff on October 18, 2022. Plaintiff is informed and believes and thereon alleges Defendant knew that the works she was utilizing were copyrighted but willfully violated the rights of Plaintiff nevertheless.

13. Plaintiff is entitled, pursuant to 17 U.S.C. § 501(a) and following to seek damages from Defendant for infringement.

14. Defendant represented to consumers that her use of Plaintiff's copyright material was lawful and permitted. This false representation was intended to induce and did induce members of the general public to purchase photographs, posters and other consumer goods featuring Plaintiff's copyrighted works.

15. Defendant willfully appropriated for her own use and profit Plaintiff's copyrighted works falsely claiming them as her own, despite her theft of same.

16. Defendant's profit from the illicit and illegal use of Plaintiff's copyrighted works is unknown and is uniquely in the Defendant's possession and within her knowledge.

Discovery is anticipated to reveal the full amount of profit from Defendant's unlawful actions.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT

17. Plaintiff makes reference too and incorporates as if fully set forth below, Paragraphs 1-16

18. Defendant's use and promotion of Plaintiff's registered copyright material was in willful violation of 17 U.S.C. § 106

19. Defendant sought commercial advantage and private financial gain by utilizing plaintiffs registered copyrighted works in the production of photographs and memorabilia sold to members of the general public including parents, family members and friends of students attending Saint Mary's High Scholl, which photographs themselves were obtained in violation of an express prohibition of Defendant photographing students and student/athletes.

20. Defendant's actions were in furtherance of a scheme and ruse to commercially exploit the registered copyrighted work of Plaintiff in excess of 500 individual instances.  This conduct of Defendant allows Plaintiff to recover $750 minimum per instance as provided by statute from Defendant, in an amount to exceed $375,000 along with attorneys fees  and costs according to proof along with injunctive relief.

21. Wherefore, Plaintiff prays judgement against Defendant as set forth below.

## SECOND CAUSE OF ACTION
## VIOLATION OF BUS. & PROF. CODE §17200 ET SEQ.

22. Plaintiff realleges and incorporates by reference paragraphs 1-21 above

23. Plaintiff alleges that Defendant has engaged in unfair competition and unfair trade practices by the conduct described above, including the conduct noted in paragraphs 3-19 in addition to violating the provisions of Business and Professions Code Section 7159.

Plaintiff's Complaint                                                    4

24. As a direct, proximate and foreseeable result of the unfair trade practices described above, Plaintiff has suffered and continues to suffer substantial losses and other damages in the precise amount to be proven at trial.

25. Unfair competition is defined in the Business and Professions Code section 17200 as "unlawful, unfair, or fraudulent business practices and unfair, deceptive, untrue or misleading advertising and any other act." Defendant violated the provisions of the act as set forth above

26. WHEREFORE, Plaintiff pray for judgment as hereinafter set forth below.

## **PUNITIVE DAMAGES**

27. Plaintiff refers to Paragraphs 3-26 and incorporates them herein as if fully set forth.

28. The actions of the Defendant were malicious, intending to annoy, vex, harass and damage Plaintiff and were done knowingly without privilege or excuse thus warranting an award of exemplary damages pursuant to Civil Code section 3294 et seq.

WHEREFORE, Plaintiffs, and each of them pray judgment against Defendants as follows:

1. For damages for violation of 17 U.S.C. § 106 in the minimum sum of $375,000 plus disgorgement of profits.
2. For an injunction to order defendant to cease and desist and accounting and disgorgement of profits.
3. For exemplary damages.
4. Attorney's fees as permitted by statute.
5. For cost of suit herein incurred.
6. For interest on damages at the legal rate from the date of filing of this complaint; and
7. For such other and further relief as the court may deem proper.

Plaintiff's Complaint 5

**DATE:** 1-10-23                                     **MAYALL HURLEY P.C.**

_____
Vladimir F. Kozina
Attorney for Defendants

Plaintiff's Complaint                    6